# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

COLLEEN DAYHOFF,

        Plaintiff,

v.                                           Case No. 6:13-cv-1132-Orl-37KRS

WELLS FARGO HOME MORTGAGE,
INC. a/k/a WELLS FARGO BANK, N.A.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant Wells Fargo's Motion to Dismiss Plaintiff Colleen Dayhoff's Complaint and Supporting Legal Memorandum (Doc. 14), filed August 7, 2013;

2. Plaintiff's Opposition to Motion to Dismiss and Memorandum of Law in Support (Doc. 16), filed August 18, 2013; and

3. Joint Motion to Modify Scheduling Order to Extend Deadline to Add Parties or Amend Pleadings (Doc. 29), filed December 2, 2013.

Upon consideration, the Court finds that Defendant's motion is due to be granted in part and that the joint motion is due to be granted.

## BACKGROUND

The Plaintiff asserts three claims against Defendant for violating: (1) the Telephone Consumer Protection Act ("TCPA") (Doc. 2, ¶¶ 32–38 ("Count One")); (2) the Fair Debt Collection Practices Act ("FDCPA") (*id.* ¶¶ 39–47 ("Count Two")); and (3) the

Florida Consumer Collection Practices Act ("FCCPA") (*id.* ¶¶ 48–60 ("Count Three")).[1] Plaintiff's claims arise from the Defendant's alleged debt collection calls to Plaintiff after the Plaintiff made written demand through her attorney that Defendant "cease all contact with Plaintiff." (*Id.* ¶¶ 9–12.) According to Plaintiff, she "is not personally obligated" to pay the Note. (*Id.* ¶ 31.) Nonetheless, the Defendant "made 95 unauthorized telephone calls to Plaintiff's cell telephone" between February 26, 2013, and June 7, 2013, and "150 unauthorized telephone calls to Plaintiff's home telephone" between February 25, 2013 and June 7, 2013. (*Id.* ¶¶ 13–31.) Further, during each call the Defendant made to the Plaintiff's home and cell telephones, the Defendant allegedly used a telephone system having the capacity to: (1) "store telephone numbers and then call them;" and (2) "perform 'automatic dealing', 'predictive dialing' and/or 'preview dialing', and caused Plaintiff to be charged for the call." (*Id.* ¶¶ 17, 26.)

The Defendant moved to dismiss the Plaintiff's claims on the grounds that: (1) debt collection calls are not covered by the TCPA (Doc. 14, pp. 4–5); (2) Defendant is not a "debt collector" as defined under the FDCPA and FCCPA (*id.* at 2–3, 5–8); and (3) Plaintiff has alleged insufficient facts to state plausible claims under the FDCPA and the FCCPA (*id.* at 8–11).[2] Plaintiff opposed the motion to dismiss. (Doc. 16.) The parties

---

[1] With her complaint, the Plaintiff submitted copies of: (1) a promissory note dated March 26, 2001, which was signed by Plaintiff's former husband Kenneth Dayhoff (Doc. 2, at 14–16 (the "Note")); (2) a mortgage on real property securing the Note, which was signed by Plaintiff and Kenneth Dayhoff (*id.* at 17–24 (the "Mortgage")); (3) correspondence dated February 20, 2013, from Plaintiff's counsel to Defendant (*id.* at 25–32 ); (4) a four-page document titled "Calls Made to Colleen Dayhoff's Phone 321-271-1878" (*id.* at 33–36); and (5) a five-page document titled "Calls From Wells Fargo Bank to Colleen Dayhoff's Home Phone-----321-385-9048" (*id.* at 37–42).

[2] The Defendant submitted with its motion copies of: (1) a loan modification agreement dated November 29, 2008, signed by Plaintiff and Kenneth Dayhoff (*id.* at 14–17); and (2) a loan modification agreement dated April 30, 2012, signed by Plaintiff (*id.* at 18–23 (the "Loan Modification")).

also filed a joint motion to modify the Court's case management and scheduling Order to extend the deadline to add parties and amend pleadings. (Doc. 29.)

**STANDARDS**

To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

**DISCUSSION**

**A. Documents Submitted with the Motion to Dismiss**

"When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court's analysis is 'limited primarily to the face of the complaint and the attachments thereto.'" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997) (providing that Rule 12(b)(6) is "not designed to strike inartistic pleadings or to provide a more definite statement to answer an ambiguity"). An exception to this rule permits courts to consider documents that a defendant attaches to its motion to dismiss if the attached documents are "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

To refute Plaintiff's conclusory allegation that she is "not personally obligated" to pay the Note (Doc. 2 ¶ 31), the Defendant submitted two loan modification agreements

with its motion to dismiss. (Doc. 14, pp. 3–4.) The two documents bear Plaintiff's signatures and appear to modify the Note referenced in the Complaint to: (1) increase the amount owed; (2) alter the applicable interest rate and term of the Note; and (3) impose repayment obligations on Plaintiff. (*Id.* at 14–23.) Plaintiff does not dispute that the loan modifications are central to her claims or authentic (Doc. 16, p. 3); accordingly, the Court will consider both documents in resolving the motion to dismiss. *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *4 (M.D. Fla. Apr. 9, 2012).

## B. The TCPA (Count One)

The Defendant contends that the Plaintiff's TCPA claim fails as a matter of law because debt-collection activities are "excluded" from the TCPA's coverage. (Doc. 14, pp. 4–5.) Defendant's argument is too broad. The FCC only excludes debt-collection calls from the TCPA if they are made to a residential telephone line. *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011); *Ashley v. Gen. Elec. Capital Corp.*, No. 2:13-CV-353-FTM-29, 2013 WL 6133562, at *3 (M.D. Fla. Nov. 21, 2013) (holding that the debt-collection exemptions only "apply to calls made to residential telephone lines"); *Levy v. Receivables Performance Mgmt., LLC*, No. 11-CV-3155 JFB ARL, 2013 WL 5310166, at *6 (E.D.N.Y. Sept. 23, 2013) (denying motion to dismiss TCPA claims based on debt collection calls to cellular phone); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320–22 (S.D. Fla. 2012) (same); *e.g.*, *Kahn v. Portfolio Recovery Assocs., LLC*, No. 8:10-cv-2399-T-26TGW, 2001 WL 223870, at *1 (M.D. Fla. Jan. 24, 2011) (same). Plaintiff has stated a plausible TCPA claim based upon the "95 unauthorized telephone calls to Plaintiff's cell telephone." (Doc. 2, ¶¶ 13–31.) Accordingly, the motion to dismiss Plaintiff's TCPA claim is due to be denied.

**C.      The FDCPA and the FCCPA (Counts Two and Three)**

A claim for violation of the FDCPA includes the following elements: (1) Plaintiff has been "the object of collection activity arising from consumer debt";[3] (2) "the defendant is a debt collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." *Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, No. 3:13-CV-101-J-12MCR, 2013 WL 5487022, at *2 (M.D. Fla. Sept. 30, 2013) (noting that the "existence of a debt is a threshold requirement under the FDCPA"); *e.g., Birster v. Am. Home Mortg. Servicing, Inc.*, 481 F. App'x 579, 581-82 (11th Cir. 2012) ("[W]hether an individual or entity is a 'debt collector' is determinative of liability under the FDCPA."). The FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in *any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.* Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term [debt collector] includes *any creditor* who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6) (emphasis added); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1212 (11th Cir. 2012) (holding that "an entity that regularly attempts to collect debts can be a 'debt collector' beyond § 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest"). "Courts have concluded that

---

[3] The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Plaintiff has not alleged that the debt at issue was "primarily for personal, family, or household purposes. (Doc. 2.)

a 'debt collector'" under the FCCPA "mirrors the language defining a debt collector in the FDCPA."[4] *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011); *e.g., Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1265 (M.D. Fla. 2006).

Defendant contends that Counts Two and Three fail because Plaintiff has not sufficiently alleged that Defendant is a "debt collector", and Defendant is *not* a "debt collector" under the FDCPA or the FCCPA because it is attempting to collect its own debt from Plaintiff (the Loan Modification). (Doc. 14, pp. 5–8.) The Complaint includes the following allegations concerning Defendant's status as a "debt collector":

> Defendant is a "debt collector" within the meaning of the FDCPA, and in particular, 15 U.S.C. § 1692a(4) and 15 U.S.C. § 1692a(6)(F)(iii) in that it allegedly *accepted an assignment of rights to the subject mortgage loan after default,* the purpose of which was for collection of the debt allegedly owed by Plaintiff, and it used the U.S. telephone system and the U.S. Mail in a business whose primary purpose of which is the collection of debts and enforcement of security interests.

(Doc. 2, ¶ 41 (emphasis added); *id.* ¶ 50 (alleging the Defendant is a "debt collector" under the FCCPA); *see also id.* ¶ 9 (alleging that the "debt went into default on October 1, 2009").)

Plaintiff's allegations fall short for two reasons. First, the Complaint includes no allegations that: (1) the "principal purpose" of Defendant's business is "the collection of any debts"; (2) Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"; or (3) Defendant "uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. §§ 1692a(4) and (6)(F)(iii). Absent such

---

[4] The parties agree that Counts Two and Three are based on the same facts, and Plaintiff's FCCPA claim should, at this stage, be construed consistently with her FDCPA claims. (Doc. 14, p. 10; Doc. 16, p. 11.)

6

allegations, the Court cannot find that the Plaintiff has sufficiently alleged that Defendant is a debt collector.[5] *Foxx v. Ocwen Loan Servicing, LLC*, No. 8:11-CV-1766-T-17EAK, 2012 WL 2048252, at *4 (M.D. Fla. June 6, 2012) (dismissing claims where plaintiff "failed to properly allege that any of the defendants are debt collectors within the meaning of the FDCPA"); *Hennington v. Bank of Am.*, No. 1:10-CV-1350-WSD-JFK, 2010 WL 5860296, at *7 (N.D. Ga. Dec. 21, 2010) (dismissing FDCPA claim absent sufficient allegations that defendant "was acting as a debt collector"); *Monroe v. CitiMortgage, Inc.*, No. 8:07-cv-0066, 2007 WL 1560194, at *2 (M.D. Fla. May 29, 2007) (same).

Second, the Plaintiff's allegations are at odds with the Loan Modification, which was executed more than two years after the alleged default date. (Doc. 14, pp. 18–23.) Defendant argues that because it is a party to the Loan Modification, it should be considered Plaintiff's "creditor,"[6] and it should fall under the "originator exception," which provides that a debt collector is not a person "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person" or "concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F); *see, e.g., Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892 (11th Cir. 1997) (affirming dismissal of FDCPA claim where defendant originated debt).

---

[5] Plaintiff concedes this pleading deficiency and claims that it can cure this deficiency. (Doc. 16, p. 10.)

[6] Under the FDCPA, a "'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed," but the term creditor "does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Plaintiff counters that the Loan Modification is irrelevant because it did not make "her personally obligated to pay the debt." (Doc. 16, pp. 3–4.) Specifically, Plaintiff contends that she is not liable under the Note or Loan Modification because: (1) the Loan Modification is inconsistent with HUD regulations and the Real Estate Settlement and Procedures Act ("RESPA"); and (2) paragraph 9 of the Note obligates only the signatory to the Note. (*Id.* at 3–6.) The Court is not persuaded by these arguments. First, Paragraph 9 of the Note seemingly undermines Plaintiff's argument, in that it expressly recognizes that a person other than the signor may "take over [payment] obligations" under the Note. (Doc. 2, p. 15.) Second, there are no RESPA claims pending before the Court, nor are there any claims or allegations in the Complaint challenging the validity of the Loan Modification. Indeed, at this stage, it is not even clear that the Loan or the Loan Modification is subject to HUD regulations. Accordingly, at this time, the Court agrees with the Defendant that the Loan Modification fatally contradicts Plaintiff's vague and conclusory claims that the Defendant violated the FDCPA and the FCCPA by attempting to collect a debt not owed by the Plaintiff.[7]

---

[7] Plaintiff's extensive arguments in her response concerning the alleged invalidity of the Loan Modification are crucial to her claims that the Defendant was unfairly and unconscionably attempting to collect a debt from Plaintiff that was not owed by her. (Doc. 16.) Nonetheless, Plaintiff makes no reference to such arguments or even to the Loan Modification in her Complaint. Rather, the allegations in the Complaint leave the reader with the impression that the Note and Mortgage are the only loan documents that exist between the parties, and in 2013, the Bank was attempting to collect from Plaintiff amounts owed resulting from another obligor's default in 2009. (Doc. 2.) Given the timing and content of the Loan Modification, such a scenario is implausible. To state plausible FDCPA and FCCPA claims, the Plaintiff must allege facts in her Complaint that are sufficient to establish why it was unfair or unconscionable for the Defendant to seek repayment from Plaintiff in light of the Loan Modification. *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) ("A complaint warrants dismissal if a plaintiff fails to specifically identify how conduct was unfair or unconscionable."). Such allegations should not be revealed for the first time in a response to a motion to dismiss. *See id.* (noting that the court cannot consider facts that

Defendant's final argument is that Counts Two and Three fail because there "are no allegations as to whether [Defendant] conveyed any information concerning the mortgage loan in any of the alleged calls," and the allegations concerning Defendant's purported knowledge are too conclusory. (Doc. 14, pp. 8–11.) The Court agrees. The purpose of Defendant's alleged calls is unclear from the Complaint. Although the Plaintiff need not specify the precise content of each of the 245 calls at issue, she should at least indicate whether the calls were related to Kenneth Dayhoff's obligations under the Note or Plaintiff's alleged obligations under the Loan Modification. *Reese v. JP Morgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (dismissing FDCPA claims where wrongfulness of communications was unclear); *Owens v. Ronald R. Wolf & Assocs., P.L.*, No. 13-61769-CIV, 2013 WL 6085121, at *4 (S.D. Fla. Nov. 19, 2013) (dismissing FCCPA claims based on conclusory allegations concerning defendant's knowledge); *cf.*, *Beaudin v. Chase Home Fin. LLC*, No. 6:12-CV-1084-ORL-31, 2012 WL 4903317, at *2 (M.D. Fla. Oct. 16, 2012) (holding that "specific language" of communication need not be alleged but purpose of communication must be clear). Absent such allegations, the Plaintiff has failed to state plausible claims for relief under the FDCPA and the FCCPA.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Wells Fargo's Motion to Dismiss Plaintiff Colleen Dayhoff's Complaint (Doc. 14) is **GRANTED IN PART**. Counts Two and Three of the Complaint (Doc. 2) are **DISMISSED WITHOUT PREJUDICE**.

2. On or before December 20, 2013, Plaintiff may file an amended complaint

---

are not alleged in a complaint).

        restating Counts Two and Three in a manner that is consistent with the requirements of this Order. If Plaintiff fails to file a timely amended complaint, then this action will proceed only with respect to Count One.

3. Joint Motion to Modify Scheduling Order to Extend Deadline to Add Parties or Amend Pleadings (Doc. 29) is **GRANTED**. The Court's Case Management and Scheduling Order (Doc. 25) is amended to extend the deadline for adding parties and amending pleadings to fourteen days after the date that Defendant files its Answer.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 3, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record