**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COLLEEN DAYHOFF,

        Plaintiff,

v.                                          Case No. 6:13-cv-1132-Orl-37KRS

WELLS FARGO HOME MORTGAGE,
INC. a/k/a WELLS FARGO BANK, N.A.,

        Defendant.

**ORDER**

This cause is before the Court *sua sponte*. Upon review of the Defendant Wells Fargo Home Mortgage, Inc.'s Answer and Affirmative Defenses and Counterclaim (Doc. 34), the Court finds that the Counterclaim is due to be dismissed.

**BACKGROUND**

The Plaintiff initiated this action in state court on June 18, 2013, and Defendant filed a notice of removal with this Court on July 26, 2013. (Doc. 1.) In her initial Complaint, Plaintiff asserted three claims against Defendant for violating the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act. (Doc. 2.) Defendant moved to dismiss the initial Complaint (Doc. 14), and the Court granted the motion in part. (Doc. 30.) On December 27, 2013, Plaintiff filed an Amended Complaint asserting a single claim under the TCPA. (Doc. 33.) Plaintiff's claim arises from 106 allegedly unauthorized and unlawful telephone calls made by Defendant to Plaintiff's cell phone between February 26, 2013, and June 28, 2013. (*Id.*)

On January 27, 2014, Defendant filed an Answer and Affirmative Defenses and a Counterclaim. (Doc. 34.) By its Counterclaim, Defendant asserts a claim for mortgage foreclosure (Count I), or alternatively, for breach of a promissory note (Count II). (*Id.*) Defendant also seeks to join the following new Counterclaim-Defendants: (1) Kenneth W. Dayhoff; (2) the United States of America on behalf of the Secretary of Housing and Urban Development; (3) the United States of America on behalf of the Administrator of the Small Business Administration; (4) Bank of America, N.A.; (5) The Auto Shop, Inc.; (6) the City of Titusville; and (7) fictitious party tenants. (*Id.* at 6.) Defendant alleges that this Court has supplemental jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1367(a). (*Id.* at 7.)

## STANDARDS

This Court has an obligation to inquire into the grounds for its exercise of subject-matter jurisdiction "*sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Section 1367(a) provides for the exercise of supplemental jurisdiction as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Section 1367(c) provides that this Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2).

2

## DISCUSSION

Here, the Court has federal question subject matter jurisdiction over Plaintiff's TCPA claim. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) (holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"). Defendant's Counterclaim seeks to enforce the debt that was the subject of the alleged calls at issue in Plaintiff's TCPA claim. Defendant's foreclosure and breach of note Counterclaim is a permissive counterclaim at best. *See Hunt v. 21st Mortgage Corp.*, No. 2:12-cv-381-RDP, 2012 WL 3903783, at *3 (N.D. Ala. Sept. 7, 2012) (finding that debt-collection counterclaim was permissive, not compulsory). Further, the Court finds that the Counterclaim will substantially predominate over Plaintiff's TCPA claim. *See Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1170–71 (N.D. Cal. 2005) (declining to exercise supplemental jurisdiction over debt collection counterclaim); *Randall v. Nelson & Kennard*, No. CV-09-387-PHX-LOA, 2009 WL 2710141, at *6 (D. Az. Aug. 26, 2009) (same); *Moore v. Old Canal Fin. Corp.*, No. CV05-205-S-EJL, 2006 WL 851114, at *4 (D. Idaho Mar. 29, 2006) (same). Accordingly, dismissal under § 1367(c)(2) is warranted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Counterclaim is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(2).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record